**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

November 24, 2020

Ned Weinberger, Esquire
Derrick Farrell, Esquire
Labaton Sucharow LLP
300 Delaware Avenue – Suite 1340
Wilmington, DE 19801

Kevin G. Abrams, Esquire
Eric A. Veres, Esquire
Stephen C. Childs, Esquire
Abrams & Bayliss LLP
20 Monthchanin Road, Suite 200
Wilmington, DE 19807

Peter B. Andrews, Esquire
Craig J. Springer, Esquire
David M. Sborz, Esquire
Andrews & Springer LLC
3801 Kennett Pike
Building C, Suite 305
Wilmington, DE 19807

Brian C. Ralston, Esquire
Caneel Radinson-Blasucci, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19899

Re: *In re Terraform Power, Inc. Stockholders Litigation*
C.A. No. 2019-0757-SG

Dear Counsel:

I have the Defendants' Application for Certification of Interlocutory Appeal

of my Memorandum Opinion of October 30, 2020 (the "Opinion"),[1] together with

the Plaintiffs' Opposition thereto. Because the Opinion was not accompanied by an

order, I have filed a consistent order today and consider the Application for

---

[1] *In re Terraform Power, Inc. Stockholders' Litigation*, C.A. No. 2019-0757-SG, Dkt. No. 84.

Certification to be addressed to that Order of November 24, 2020 (the "Order").

After considering the parties' submissions, I have concluded that this matter is appropriate for interlocutory appeal and have attached an order granting leave to appeal from the Order and Opinion, consistent with Supreme Court Form L.

Supreme Court Rule 42 is a testament to the particularity with which the Supreme Court considers interlocutory appeals. It is unsurprising that this is so; interlocutory appeals tend to be inefficient for the Supreme Court, the trial courts and litigants. It is a rare case in which such an appeal is justified. I find that this is such a case, however.

I am directed by Rule 42 to consider several factors in addressing whether an interlocutory appeal is warranted. I first consider 42(b)(3)(iii)(G).[2] That factor involves whether consideration of the appeal may end the litigation. The Opinion and Order involved the Defendants' contention that the matter should be dismissed because the Plaintiffs lack standing to pursue their Complaint directly rather than derivatively. The Plaintiffs have standing in this matter, if at all, under the doctrine set forth in *Gentile v. Rosette*.[3] I will not repeat in this brief Letter Opinion the reasons for which the application of the *Gentile* doctrine has been questioned in light of our Supreme Court's overarching test for determining whether a stockholder-

---

[2] Supr. Ct. R. 42(b)(iii)(G) ("Review of the Interlocutory Order may terminate the litigation.").
[3] 906 A.2d 91 (Del. 2006).

plaintiff's corporate litigation is direct or derivative, as set forth in *Tooley v. Donaldson, Lufkin, & Jenrette, Inc.*[4] That discussion is set out in some detail in the Opinion from which this interlocutory appeal is sought.[5] In consideration of the instant motion, however, the issue of the continuing validity of the *Gentile* rationale, in light of, *inter alia*, criticism from our Supreme Court,[6] indicates that factor 42(b)(3)(iii)(G)[7] is implicated here. I note that the application of subsection (G), by itself, it is unlikely to be sufficient to sustain an interlocutory appeal. Here, however, I find that subsection (H) also comes into play. That factor directs me to consider whether "[r]eview of the interlocutory appeal may serve considerations of justice."[8] Again, in light of case law questioning the continued vitality of *Gentile* at the trial court level, and in light of criticism at the Supreme Court level, I find it in the interest of justice that the matter be available for review by the Supreme Court at this Motion to Dismiss stage. A successful interlocutory appeal, before the parties undergo the extensive litigation that will be required to bring this matter to a final resolution in this Court, will avoid substantial useless effort on behalf of litigation by parties who

---

[4] 845 A.2d 1031 (Del. 2004).

[5] *See generally* Mem. Op., *In re Terraform Power, Inc. Stockholders' Litigation*, C.A. No. 2019-0757-SG, Dkt. No. 84.

[6] *See El Paso Pipeline GP Co., L.L.C. v. Brinckerhoff*, 152 A.3d 1248, 1265–66 (Del. 2016) (Strine, C.J., concurring).

[7] Supr. Ct. R. 42(b)(iii)(G).

[8] Supr. Ct. R. 42(b)(iii)(H).

lack standing. An *unsuccessful* appeal will still serve the interests of justice, by clarifying an area of law that appears to be in a state of flux.

I appreciate the Plaintiffs' forceful argument that a reliance solely upon the last two factors of Rule 42(b)(iii) constitutes but a weak ground upon which to certify interlocutory appeal. To my mind, this is the rare exception that proves that proposition; of course, if the Supreme Court disagrees, it need only decline to accept the appeal. I have therefore attached an Order certifying the interlocutory appeal.

To the extent the foregoing requires an order to take effect, IT IS SO ORDERED.

Sincerely,

/s/Sam Glasscock III

Vice Chancellor